# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEANNA HERR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGIANT AIR, LLC, a Nevada Limited Liability Company,<br><br>Defendant. | Case No. 3:20-cv-10938-RHC-MJH<br><br>Honorable Robert H. Cleland |

## Joint Stipulation to Transfer Venue TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA PURSUANT TO 28 U.S.C. § 1404(a)

Pursuant to Local Rule 7.1(a), Plaintiff Deanna Herr ("Herr") and Defendant Allegiant Air, LLC ("Allegiant") jointly seek a Stipulated Order under 28 U.S.C. § 1404(a), transferring this action to the United States District Court for the District of Nevada based on the following:[1]

WHEREAS, on April 15, 2020, Herr filed this action in the Eastern District of Michigan seeking to represent a putative nationwide class of persons who purchased air travel tickets on an Allegiant Air flight and whose flights were canceled due to the COVID-19 pandemic;

WHEREAS, Herr's Complaint asserts a claim for breach of contract alleging that Allegiant has refused to offer monetary refunds for canceled flights;

WHEREAS, on April 28, 2020, Rebecca Bratcher ("Bratcher") filed an action against Allegiant Travel Company in the District of Nevada seeking to represent a putative nationwide

---

[1] A Separate Proposed Order on this Joint Stipulation is submitted concurrently.  *See* E.D. Mich. Electronic Filing Policies and Procedures, R12(a)(2).

class of persons who purchased air travel tickets on an Allegiant Air flight and whose flights were canceled due to the COVID-19 pandemic (the "Bratcher Action");[2]

WHEREAS, Bratcher's complaint also asserts a claim for breach of contract based on an alleged refusal to offer monetary refunds for canceled flights;

WHEREAS, this action and the Bratcher Action assert the same basic allegations and similar claims on behalf of overlapping putative classes;

WHEREAS, 28 U.S.C. § 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.";

WHEREAS, this action initially could have been brought in the District of Nevada because a substantial part of the events or omissions giving rise to the claim occurred there (28 U.S.C. § 1391(b)(2)), and also because Allegiant is deemed to reside in the District of Nevada for venue purposes because Allegiant is subject to personal jurisdiction there (*see* 28 U.S.C. § 1391(b)(1), (c)(2));[3]

WHEREAS, the parties support transfer of this action from the Eastern District of Michigan to the District of Nevada because: (1) Allegiant is a Nevada limited liability company and has its principal place of business in Las Vegas, Nevada; (2) Las Vegas is where many company decisions regarding Allegiant's operations are made, including those regarding its ticketing policies that are relevant to allegations in the Complaint; (3) Las Vegas is where the

---

[2] *Rebecca Bratcher v. Allegiant Travel Company*, Case No. 2:20-cv-00767-APG-BNW (D. Nev. – assigned to Judge Andrew P. Gordon).

[3] "[T]his Court concludes that it has general personal jurisdiction over [defendant] because [defendant] is a registered Nevada Limited Liability Company and has a principal place of business in Las Vegas, Nevada." *Seiko Epson Corp. v. Try The Ink, Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 88248, at *1-2 (D. Nev. May 21, 2019).

bulk of pertinent electronic evidence and documents are stored; (4) Las Vegas is where the majority of witnesses are likely to be located; and (5) it is more expeditious and economically efficient for this action and the Bratcher Action to proceed in the same court;

WHEREAS, allowing this action and the parallel Bratcher Action to proceed in different forums is wasteful, while coordinating these actions in the same district will avoid waste, avoid potentially inconsistent rulings and judgments, promote judicial economy, and make it easier to facilitate any coordinated efforts to resolve the matters;[4]

WHEREAS, the District of Nevada is qualified to apply the governing law in this action, which will be similar to the governing law in the Bratcher Action;

WHEREAS, the parties have met and conferred regarding transfer of venue and agree that all criteria for transfer are present here and that transfer to the District of Nevada is appropriate and should be Ordered;

WHEREAS, Allegiant previously agreed to accept service of Herr's Complaint pursuant to a waiver of service, and Allegiant's response to the Complaint presently is due on June 22, 2020;

WHEREAS, the parties agree to extend the deadline for Allegiant to respond to Herr's Complaint until 30 days after a decision on this joint transfer request is made, and the parties further agree to take such further action as may be necessary to confirm the response extension in the transferee court.

---

[4] "There can be no dispute that to allow two separate district courts . . . to address almost identical causes of action involving identical issues in class actions whose members overlap would be an inefficient use of judicial resources." *Colosimo v. Hitachi Home Elecs. (Am.), Inc.*, 2011 U.S. Dist. LEXIS 109143, at *5-6 (E.D. Mich. Sep. 26, 2011) (citing *Wayne Cty. Employees' Retirement Sys. v. MGIC Investment Corp.*, 604 F. Supp. 2d 969, 977 (E.D. Mich. 2009)).

NOW THEREFORE, THE PARTIES STIPULATE, BY AND THROUGH THEIR COUNSEL OF RECORD, AS FOLLOWS:

1. Upon this Court's approval of this Stipulation, this action shall be transferred pursuant to 28 U.S.C. § 1404(a) to the District of Nevada;

2. The deadline for Allegiant to respond to Herr's Complaint shall be extended until 30 days after the earlier of (i) confirmation of receipt by the clerk in the District of Nevada of this action *and* assignment of a case number, or (ii) in the event of denial of this Stipulation to transfer, entry of an Order by this Court stating as much; and,

3. The parties shall bear their own respective fees and costs, including attorney's fees, relating to the transfer.

IT IS SO STIPULATED.

Respectfully submitted this 29th day of May, 2020.

| | |
|---|---|
| **LIDDLE & DUBIN, P.C.** | **GREENBERG TRAURIG, LLP** |
| *Attorneys for Plaintiff and the Putative Class* | *Attorneys for Defendant* |
| 975 E. Jefferson Avenue | 77 West Wacker Drive, Suite 3100 |
| Detroit, Michigan 48207 | Chicago, IL 60601 |
| Telephone: (313) 392-0015 | Telephone: (312) 456-1009 |
| | |
| */s/Nicholas A. Coulson* | */s/Jonathan E. Giroux* |
| DAVID R. DUBIN | JONATHAN E. GIROUX |
| ddubin@ldclassaction.com | girouxj@gtlaw.com |
| Michigan Bar No. P52521 | Michigan Bar No. P74302 |
| NICHOLAS A. COULSON | |
| ncoulson@ldclassaction.com | |
| Michigan Bar No. P78001 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2020, I electronically file the foregoing document with the Clerk of the Court using ECF electronic filing and service system for the U.S. District Court, Eastern District of Michigan, which will send notification to all counsel of record.

*/s/ Jonathan E. Giroux*
Jonathan E. Giroux

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEANNA HERR, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ALLEGIANT AIR, LLC, a Nevada Limited Liability Company,<br><br>       Defendant. | **Case No. 3:20-cv-10938-RHC-MJH**<br><br>Honorable Robert H. Cleland |

### [PROPOSED] ORDER TRANSFERRING VENUE TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA PURSUANT TO 28 U.S.C. § 1404(a)

The Court, having reviewed and considered the Joint Stipulation of Plaintiff Deanna Herr and Defendant Allegiant Air, LLC to transfer this action to the United States District Court for the District of Nevada, and good cause appearing, hereby APPROVES the Joint Stipulation and ORDERS that this action shall be transferred to the District of Nevada under 28 U.S.C. § 1404(a), where the related case of *Rebecca Bratcher v. Allegiant Travel Company*, Case No. 2:20-cv-00767-APG-BNW (D. Nev. – assigned to Judge Andrew P. Gordon), already is pending. Each party shall bear her or its own respective fees and costs, including attorney's fees, relating to the transfer. The clerk of the Court is authorized to take any measures necessary to effectuate the transfer.

      IT IS SO ORDERED.


Dated: June 4, 2020                                    S/Robert H. Cleland
                                                              Hon. Robert H. Cleland,
                                                              United States District Judge